IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BETTY DENISE ROBISON, )
)
Plaintiff, )
)
v. ) Civil Action No. 13-1424
)
CAROLYN W. COLVIN, )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
)
Defendant. )

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 26th day of March, 2015, upon due consideration of the parties' cross-motions for summary judgment relating to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 15) be, and the same hereby is, denied. The Commissioner's decision of December 14, 2011, will be vacated and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting* Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (*quoting* Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed her pending application for benefits on April 29, 2010, alleging a disability onset date of January 4, 2000, due to a learning disability, attention deficit hyperactivity disorder, bipolar disorder, obsessive compulsive disorder and depression. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on December 7, 2011, at which plaintiff, represented by counsel, appeared and testified. On December 14, 2011, the ALJ issued a decision finding that plaintiff is not disabled. On August 21, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was only 20 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Although the ALJ found that plaintiff has "at least a high school education," (R. 16), the record shows that she completed only the tenth grade and dropped out of school in the eleventh grade, which would be classified as a limited education.[1] 20 C.F.R. §416.964(b)(3). The ALJ found that plaintiff has no past

---

[1] In a disability report, plaintiff indicated that she had begun classes by mail in June of 2010 to obtain her high school diploma, (R. 200), but there is no evidence in the record that she ever completed those classes or received her diploma. At the hearing held in December of 2011, plaintiff made no mention of having obtained a GED and testified that she had completed tenth grade and dropped out in eleventh grade. (R. 26).

relevant work experience and that she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of attention deficit hyperactivity disorder, depression and borderline intellectual functioning, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains "the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: "[she] can perform simple, routine, repetitive work that does not require exposure to heights or dangerous machinery, interaction with the general public or independent judgment or discretion or more than incidental interaction with co-workers." (R. 15). Taking into account these restrictions, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including laundry worker, hospital cleaner or janitor. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot,

considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ's residual functional capacity finding failed to account for all of plaintiff's work-related mental limitations supported by the record, including, *inter alia*, educational limitations ; and, (2) the ALJ's credibility assessment was insufficient. Because the court finds that the ALJ's finding with regard to plaintiff's educational level does not appear to be supported by the record, and that the ALJ's residual functional capacity finding also is inadequate to accommodate all of plaintiff's limitations, in particular regarding her educational abilities, this case must be remanded for additional consideration.

At step 5 of the sequential evaluation process the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, *education*, past work experience, and *residual functional capacity*. 20 C.F.R. §416.920(f). With regard to education as a vocational factor,

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

the regulations provide that education "is primarily used to mean formal schooling or other training which contributes to your ability to meet vocational requirements, for example, reasoning ability, communication skill, and arithmetical ability." 20 C.F.R. §416.964(a).

In evaluating a claimant's educational level, the regulations establish four categories: (1) illiteracy; (2) marginal education; (3) limited education; and, (4) high school education and above. §416.964(b)(1)-(4). "[I]f there is no other evidence to contradict it, we will use your numerical grade level to determine your educational abilities." §416.964(b). However, the regulations also recognize that the numerical grade level that a claimant completes in school may not represent that individual's actual educational abilities. Id.

In this case, the ALJ found that plaintiff "has at least a high school education." (R. 16). Under the regulations, this category means "abilities in reasoning, arithmetic and language skills acquired through formal schooling at a 12th grade level or above." §416.964(b)(4). However, there is no evidence in the record that plaintiff ever completed high school or obtained a GED. To the contrary, plaintiff testified that she completed only 10th grade and that she dropped out of school in 11th grade. (R. 25-26). Plaintiff's educational level also is noted by the consultative examiner, Dr. Sandy Vujnovic, who recorded that plaintiff dropped out of school in 11th grade and she does not have a GED, although she did note that plaintiff was attempting to obtain one online. (R. 297).

A determination of plaintiff's educational ability based solely upon her numerical grade level would result in her placement in the category of a "limited education" under §416.964(b)(3). A limited education, which generally is considered to be a 7th - 11th grade level of formal education, means ability in reasoning, arithmetic and language skills, but not enough to allow a person to do most of the complex job duties needed in semi-skilled or skilled jobs.

Id. Instead, the ALJ inexplicably found that plaintiff has at least a high school education, which would suggest that she could do semi-skilled through skilled work. §416.964(b)(4).

Not only did the ALJ mis-categorize plaintiff's educational level solely based on the numerical grade level she completed, but there also is evidence that plaintiff's 10th grade education may not even represent her true educational ability. The state agency reviewing psychologist reported that plaintiff's results on the WRAT-3 achievement test in June of 2009 indicate that plaintiff reads at the 3rd grade level and has spelling and math skills at the 4th grade level. (R. 314). Also, the consultative examiner diagnosed plaintiff with a learning disorder by history as well as borderline intellectual functioning and noted that she could not "manage either calculations on serial 7's or spelling a word backward ... suggestive of learning impairments." (R. 299). These objective results are consistent with plaintiff's testimony at the hearing when she indicated that she is "not good at math" and she cannot subtract high numbers without a calculator, that she would not be able to make change for a $20 bill, and that she had problems in a prior work attempt as a telemarketer because she had a difficult time reading some of the words and she is "not very good at big words." (R. 26-27)

All of the foregoing evidence, none of which the ALJ referred to, demonstrates that plaintiff's educational level would be categorized, at best, as limited based on her numerical grade level and perhaps even marginal based on her reading, spelling and arithmetic levels. See §416.964(b)(2). Nevertheless, the ALJ categorized plaintiff as having "at least a high school education." (R. 16). The ALJ's finding in this regard is not supported by substantial evidence.

Had the ALJ merely mis-categorized plaintiff's education level, his ultimate determination might nevertheless be supportable because the regulations recognize that even an

individual with a marginal education may have the skills necessary to do simple, unskilled types of jobs. §416.965(b)(4). However, the ALJ also failed to account for any limitations resulting from plaintiff's learning disorder and obviously significant difficulties in reading, spelling and math into the residual functional capacity finding.[3] In fact, the ALJ never mentioned plaintiff's educational limitations in his decision, making it difficult for the court to determine if he did not believe that any additional restrictions beyond a limitation to simple, unskilled work were required to account for plaintiff's learning difficulties or whether he ignored the evidence altogether.

Accordingly, the court believes a remand is appropriate in order for the ALJ to accurately categorize plaintiff's educational level and to adequately account for any possible limitations that may arise from her learning disorder and educational limitations in the residual functional capacity finding. *See* Keith v. Colvin, 2015 WL 1245837 (W.D.Pa., March 18, 2015)(J. Ambrose)(remand appropriate where ALJ failed to discuss impact of plaintiff's learning disabilities on her residual functional capacity and failed to discuss psychologist's opinion that plaintiff had a fourth-grade level of scholastic achievement); Schmidt v. Colvin, 2009 WL 5206019 (W.D.Pa., Dec. 23, 2009)(J. McVerry)(remand where ALJ failed to rectify his rejection of opinion that plaintiff's reading scores were at 6th grade level and spelling and

---

[3] Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by her impairments. Fargnoli v. Massanari, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §416.945(a); SSR 96-8p. In assessing residual functional capacity, the ALJ is to consider all of the relevant medical and other evidence in the case record in determining the individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §416.945(a)(3)-(4); SSR 96-8p. In regard to mental abilities, the ALJ first must assess the nature and extent of the claimant's mental limitations and restrictions and then determine the claimant's residual functional capacity for work activity on a regular and continuing basis. 20 C.F.R. §416.945(c). The ALJ's residual functional capacity finding must "'be accompanied by a clear and satisfactory explication of the basis on which it rests.'" Fargnoli, 577 F.3d at 41 (citation omitted).

math scores at 3rd grade level with acceptance of finding that plaintiff only had slight limitations in ability to understand, remember and carry out short simple instructions).

Also on remand, in re-assessing plaintiff's residual functional capacity, the ALJ also should add a limitation accounting for plaintiff's difficulties in interacting with supervisors. The consultative examiner found that plaintiff had moderate limitations in the area of interacting with supervisors and co-workers and the ALJ concurred with that assessment. (R.16; 300). Likewise, the state agency reviewing psychologist also opined that plaintiff is moderately limited in her ability to accept instructions and respond appropriately to criticism from supervisors, and the ALJ indicated that he concurred with that assessment as well. (R. 16; 317)

However, while the ALJ did limit plaintiff to no interaction with the general public and only incidental interaction with co-workers, he did not incorporate any restrictions regarding plaintiff's ability to interact with supervisors in the residual functional capacity finding. Accordingly, on remand the ALJ should arrive at a new residual functional capacity finding that does account for all of plaintiff's limitations as supported by the record.

Because the ALJ's hypothetical to the vocational expert in this case included an inaccurate finding as to plaintiff's education and also incorporated an inadequate residual functional capacity finding that failed to account for all of plaintiff's limitations supported by the record, substantial evidence does not support the ALJ's finding of not disabled at step 5. Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004)(a vocational expert's response to a hypothetical that does not reflect all of a claimant's impairments that are supported by the record cannot be considered substantial evidence supporting a step 5 finding of not disabled ).
AO 72
(Rev. 8/82)

- 8 -

On remand, after arriving at a new residual functional capacity finding that adequately accounts for all of plaintiff's limitations, the ALJ must then determine, through the testimony of a vocational expert, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and her revised residual functional capacity.

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Christy Wiegand
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219